May Term,
1857.
─────────
FAVORITE
v.
BUSH.

FAVORITE v. BUSH.

There was in this case no question reserved—no motion for a new trial—no exception to the ruling of the Court. No question is presented by the record.

But if the questions were properly presented, they would not avail the party here; for questions touching the management of decedent's estates are within the peculiar province of the Common Pleas, and unless the finding is extravagant, this Court will give it the same weight as the verdict of a jury.

Thursday,
June 4.

APPEAL from the *Tippecanoe* Court of Common Pleas.

STUART, J.—*Favorite* held a note against *William Bush*, deceased. *Jane Bush*, the widow, and guardian of the children, had sold the realty by order of Court, and on her own part, her dower interest, and taken the purchaser's notes in part payment. On the purchaser's last note judgment had passed, and the money been collected, and it was then in the hands of *Jenks*, sheriff, &c. *Jane Bush* had given the administrator an agreement to pay over any sum of money necessary to settle the estate, and removed to another state, where she died. The judgment against the purchaser on the last note was recovered by *Morris*, as her administrator. These facts do not appear to be contested.

But it is further alleged in the complaint, that there were no personal assets belonging to the estate of *William Bush*, except such as had been applied in due course of administration, and that the plaintiff's debt could only be paid by the sale of the realty, or the application of the purchase-money arising from the sale. Further, that in pursuance of the agreement of *Jane Bush*, the money should be applied to the payment of his debt. Upon this latter allegation, the issue was formed in the Court below.

*Jenks,* the sheriff, *Morris,* the administrator, and the heirs of *Bush,* were made parties.

*Morris* answered, alleging a sufficiency of personal assets to fully settle the estate of *William Bush*—denying the insufficiency of the personal property to settle, &c.

Upon final hearing, the Court held the personalty sufficient to pay the debts, ordered *Jenks* to pay the money collected to *Morris,* and gave judgment for costs against *Favorite.* And thereupon, *Favorite* prayed an appeal to the Supreme Court.

No question of law is reserved during the progress of the trial. Nor is there any motion for a new trial; nor any exception to the ruling of the Court. In such a state of the record, we have repeatedly decided that there is no question raised in the record. The statutory rules are thus strict, even in criminal cases. *Hornberger* v. *The State,* 5 Ind. R. 300. And it has also been so held in *Zehnor* v. *Beard,* and many other cases at the *November* term, 1856 (1).

Even if the record were full, and the questions fairly presented, it would hardly avail the party here. For the inquiry which the issue below presented, was peculiarly within the province of that Court to decide; and unless the finding was extravagant, the rule of this Court has invariably been, to give it the same weight as the verdict of a jury. We must, under the rule, regard the action of the Court below as conclusive.

The note upon which *Favorite* claims was one of 201 dollars and 91 cents, made payable to *Barton* and *Favorite,* and sued by the latter as survivor. Whether *Favorite* was entitled to a judgment against the administrator in this proceeding, it is not necessary to determine. In the several reports of *Wood,* master, and *La Rue,* master, the note and interest of *Burton* and *Favorite* stands at the head of the list. So that it clearly appears that the claim of *Favorite* was in the contemplation of the Court in the finding that the personal property was sufficient to pay all the debts.

It is, therefore, entirely satisfactory too, that both in

May Term,
1857.

technical strictness, and upon the merits, the judgment below should be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*G. S. Orth*, *E. H. Brackett*, and *J. A. Stein*, for the appellant.

*R. C. Gregory* and *R. Jones*, for the appellee.

(1) 8 Ind. R. 96.  See note to *Wheeler* v. *Carpenter, ante,* 153.  See also, *Jolly et al.* v. *The Terre Haute Bridge Co., post,* and cases cited.